Robins Kaplan LLP
Kevin M. Pasquinelli (Bar No. 246985)
KPasquinelli@RobinsKaplan.com
555 Twin Dolphin Drive, Suite 310
Redwood City, CA 94065
Telephone: (650) 784-4025
Facsimile:   (650) 784-4041

Attorneys for Plaintiff, Expensify, Inc,

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPENSIFY, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SWAPPOINT AG, a Swiss corporation,<br>KARMAPOINT AG, a Swiss corporation,<br><br>Defendants. | Civil Action No. _____<br><br>DECLARATORY JUDGMENT COMPLAINT FOR NON-INFRINGEMENT OF TRADEMARK USE, LACK OF BONA FIDE INTENT TO USE A TRADEMARK AND FRAUD ON THE USPTO IN PROSECUTING A TRADEMARK<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Expensify, Inc ("Expensify") for its Complaint against Defendants SWAPPOINT AG ("Swappoint') and KARMAPOINT AG ("Karmapoint"), Swiss corporations, (the "Defendants") (collectively, "The Parties") states and alleges as follows:

1

Robins Kaplan LLP
Attorneys at Law

**INTRODUCTION**

1.      There is a basic policy in trademark law against entities reserving marks without use. The applicant must either use the that mark in commerce or have a bona fide intent to use that mark. Without this policy entities could hold vast numbers of trademark applications, prohibiting their use by others and restricting commerce of others who have a genuine ability to use the mark. This is one of those cases.

2.      This complaint exposes Defendants' attempts to reserve trademark rights in KARMAPOINT covering an ocean of goods and services across an extraordinary number of countries in order to stifle commerce, and specifical prohibiting Expensify from using its common law rights in KARMA POINTS. Swappoint's goods and services list, associated with KARMAPOINT, have evidently been cut-and-pasted from a collection of filings from its business affiliates, covering far-flung areas of commerce that Defendant cannot possibly reach or have ever intended to reach. Swappoint is hoarding uses for the mark KARMAPOINT, with no bona fide intent to use the mark in commerce, in violation of its oath to the United States Trademark Office ("USPTO").

3.      Expensify is an industry-leading provider of expense reporting services that actively uses the mark KARMA POINTS in connection with its corporate credit card. Each use of the Expensify Card funds charitable causes around the world. Expensify reached out to Defendants to attempt to establish a co-existence agreement so that both parties could use their respective marks in peace. Defendants have refused these overtures, and instead have threatened litigation, arguing the uses of the two marks are confusingly similar.

4.      Expensify brings this action to clear the air and establish its right to use the mark KARMA POINTS in connection with its services. Because there is a genuine case or controversy of over the collision of the Parties' respective marks and uses, the Court should exercise its declaratory judgment jurisdiction to find that Expensify is not infringing Defendant's trademark, and to cancel Defendant's mark for lack of a bona fide intent to use it in commerce.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

2

1

## NATURE OF THE ACTION

2       5.      Plaintiff Expensify is the owner of common law trademark rights in KARMA

3  POINTS ("the KARMA POINTS mark"). Defendant Swappoint purportedly owns U.S. Trademark

4  Registration No. 6,473,418 ("the KARMAPOINT mark").[1] Defendants have alleged, and continue

5  to allege, that Expensify's use of its KARMA POINTS mark is confusingly similar to the

6  KARMAPOINT mark. When viewed in context, as used, these two marks are not confusingly

7  similar. Defendants have presented Expensify with no evidence of actual confusion between the

8  Parties' uses and have never given any persuasive argument why the two marks, when considered

9  in the context of the associated goods and services, are likely to cause confusion in the minds of

10  the respective consumers, especially given Defendants' limited product offering.

11       6.      Despite extensive negotiations over a period of two years, Defendants continue to

12  unreasonably persist in an intransigent campaign to attenuate Expensify's commerce globally, by

13  first filing overly broad and inflated trademark applications around the world, with no intent of use,

14  and then by opposing Expensify's bona fide trademark applications despite having no reasonable

15  arguments that the two marks, as used, are confusingly similar.

16       7.      In short, Swappoint sought and received registration for KARMAPOINT, asserting,

17  under oath, an intent to use the mark in a bewildering number of ways. These uses encompass nine

18  different international trademark classifications, across approximately 79 goods and services, from

19  real estate to telecommunications to the provision of food and beverages and even legal services.

20  Such a wide-ranging list of services could not even be delivered by the largest of tech giants.

21       8.      Reality has proved far more mundane. To date, Defendants use the term

22  KARMAPOINT in connection with a single mobile application, as a token use, and on a website

23  affiliated with that mobile application. Defendants lack any further, discernible plans for expansion

24  or actual commercialization.

25

26

27  ────────────────────
[1] Claiming priority to Swiss Reg. #747906 and International Reg. #1553877.

28

3

COMPLAINT FOR DECLARATORY JUDGMENT
                                                              NON-INFRINGEMENT OF TRADEMARK USE

ROBINS KAPLAN LLP
ATTORNEYS AT LAW

9.      In short, Defendants appear to be in the relatively humble business of developing a software app, while nonetheless claiming a list of goods and services in prosecuting the KARMAPOINT mark that even the world's biggest tech brands would fail to deliver.

10.     During negotiations over the past two years, Defendants have refused to disclose evidence of how they could possibly have been prepared to use the KARMAPOINT mark in the manner they claimed they would, preferring instead to intransigently obstruct Expensify's own protection and use of its KARMA POINTS mark.

11.     The need for judicial intervention has therefore arisen.

12.      Expensify brings this action for (1) declaratory relief under the authority of 28 U.S.C. § 2201, et. seq.; (2) cancellation of U.S. Trademark Registration No. 6,473,418 pursuant to 15 U.S.C. § 1119 for lack of bona fide intent to use; and (3) civil liability for fraud upon the United States Trademark Office in the registration of U.S. Trademark Registration No. 6,473,418.

13.     Specifically, Expensify seeks a declaration that the Parties' uses are not confusingly similar and that Expensify's KARMA POINTS mark does not infringe upon any trademark rights which Defendants may have in KARMAPOINT.

14.     Further, Expensify seeks cancellation, in whole or in part, of Swappoint's registration of the KARMAPOINT mark on the basis that Swappoint lacked the requisite bona fide intent to use the mark in association with the goods and services claimed in the mark's federal registration application, and on the additional basis that the registration was further procured by Swappoint's fraud upon the USPTO.

## THE PARTIES

15.     Expensify was founded in 2008 in San Francisco, with the purpose of simplifying expense reporting.

16.     Expensify is a Delaware corporation with its principal place of business located jointly at 88 Kearny St., Suite 1600, San Francisco, CA, and 401 SW 5th Ave, Portland, OR 97204.

17.     Upon information and belief, Swappoint is a Swiss corporation with its headquarters and principal place of business at 54 Bahnhofstrasse, Zurich 8001, Switzerland.

4

COMPLAINT FOR DECLARATORY JUDGMENT
NON-INFRINGEMENT OF TRADEMARK USE

ROBINS KAPLAN LLP
ATTORNEYS AT LAW

ROBINS KAPLAN LLP
ATTORNEYS AT LAW

18.     Upon information and belief, Karmapoint is a Swiss corporation with its headquarters and principal place of business also at 54 Bahnhofstrasse, Zurich 8001, Switzerland.

19.     Upon information and belief, Karmapoint operates a website, www.karmapoint.com ("karmapoint.com") and makes available for download a mobile software application for smartphones such as the Apple iPhone or phones using Google Android software (the "Karmapoint SW App").[2]

20.      Swappoint is the purported owner of the KARMAPOINT mark.

21.     Upon information and belief, Swappoint and Karmapoint are both closely held corporations, owned by the same individual—Umut Ertan.

22.     Upon information and belief, Umut Ertan is also the owner and/or controller of Schweizer Kapital Holding AG, a Swiss corporation that also lists its headquarters and principal place of business at 54 Bahnhofstrasse, Zurich 8001, Switzerland.

23.     While the exact relationship, if any, between Swappoint, Karmapoint, Schweizer Kapital Holding AG is unknown at this time and subject to discovery, on information and belief, Swappoint and Karmapoint are both owned or controlled by Umut Ertan and/or by Schweizer Kapital Holding AG.

24.     On the basis of that belief, and pending discovery of additional information about the entities and real persons behind them, Expensify refers to Swappoint and Karmapoint jointly as Defendants.

## JURISDICTION AND VENUE

25.     The action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Federal Rules of Civil Procedure 57, and the Trademark Laws of the United States, 15 U.S.C. § 1041 et eq. ("the Lanham Act").

26.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1119 (district court jurisdictions over trademark registrations), 1120 (district court jurisdiction over false or

---

[2] See *https://apps.apple.com/us/app/karma-point/id1600008605* representing that KARMAPOINT application is offered at the Apple App Store by Karmapoint AG.

fraudulent registration), 1121 (Federal Court original jurisdiction under the Lanham Act) and 1125 (false designation), and 28 U.S.C. §§ 1331 (original jurisdiction under Federal Law, and 1338(a) (original jurisdiction for trademarks).

27.     This Court has subject matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, as an actual case or controversy exists between Defendants and Expensify concerning its use of the KARMA POINTS mark. As discussed further below, the Parties have been and remain in disputes around the globe as to whether KARMAPOINT and KARMAPOINTS are confusingly similar when associated with certain goods and services.

28.     This Court has personal jurisdiction over the Defendants pursuant to Federal Rule of Procedure 4(k) because Defendants are foreign corporations and neither Defendant is incorporated in any state nor maintains a principal place of business in any state, and therefore neither is subject to the jurisdiction of any state's courts of general jurisdiction. The exercise of personal jurisdiction by this Court over Defendants is consistent with due process and the laws of this country because Defendants have availed themselves of the protections of U.S. trademark registration, and the exercise of jurisdiction in this matter is directed toward Defendants' trademark registered with the USPTO.   In addition, on information and belief, Defendants have caused software to enter interstate commerce in this judicial district.

29.     Venue is proper in this District or any other district pursuant to 28 U.S.C. § 1391(c)(3) because Defendants are not residents of the United States.

30.     Divisional Assignment: This case is based upon trademark, an intellectual property right, and is subject to district wide assignment under General Order No. 44 (D)(3).

## BACKGROUND FACTS

### Expensify's Business Success

31.     Expensify was founded in 2008 in San Francisco, California.  Expensify is the fastest-growing receipt and expense company in the world, with more customers than the rest of

COMPLAINT FOR DECLARATORY JUDGMENT
NON-INFRINGEMENT OF TRADEMARK USE

ROBINS KAPLAN LLP
ATTORNEYS AT LAW

the industry combined. Expensify has more than 12 million users and 53,000 customers across more than 169 countries.

32.     In late 2021, Expensify staged a successful initial public offering of shares to the public ("IPO"). Since its public listing, Expensify's strong growth has continued with recent quarterly revenue in 2022 up 20 percent over the same period  previous year, to more than $43 million.[3]

33.     Today, Expensify has offices worldwide, including in the United States (San Francisco, California; Portland, Oregon, New York City, New York, and Ironwood, Michigan); the United Kingdom (London), and Australia (Melbourne), with 135 employees around the world. Expensify plans to continue its global expansion.

**Expensify's Software As A Service ("SaaS") and Mobile Application Product Offerings**

34.     Expensify designs and develops software, in particular, an expense management system for personal and business use, operated by consumers through a mobile and web-based application (the "Expensify App"), as well offering a corporate credit card for businesses (the "Expensify Card").

35.     The Expensify App, including its patented SmartScan technology, is now integrated with all major accounting packages, as well as all major corporate and personal credit cards, to simplify expense reports for individuals, employees, and accountants. It is one of the world's leading applications for expense management.

36.     The Expensify Card is a business and corporate credit card introduced in 2020. The Expensify Card features traditional benefits, such as cash back, travel perks, and easy expense tracking, alongside new and less typical features, including the KARMA POINTS reward system.

**Expensify's use of its KARMA POINTS Mark**

37.     Expensify's KARMA POINTS are an *alternative* to traditional credit card reward points. The KARMA POINTS program contributes to important charitable causes, such as climate

---

[3] *See* Expensify's August 11, 20222 10-Q statement on file with the Securities and Exchange Commission, https://ir.expensify.com/static-files/f461e11b-4c9f-4fe5-8f2e-d13cb2d6d9de.

7

ROBINS KAPLAN LLP
ATTORNEYS AT LAW

COMPLAINT FOR DECLARATORY JUDGMENT
NON-INFRINGEMENT OF TRADEMARK USE

change, food security, housing equity, reentry services and youth advocacy. Each time a purchase is made with an Expensify Card, Expensify donates a portion of revenue to its charitable arm in the form of KARMA POINTS

38.     Expensify actively uses KARMA POINTS in connection with its marketing of the Expensify Card as well as in connection with the Expensify Card's actual use.



(Screenshot taken from Expensify marketing video for the Expensify Card and for Karma Points. See https://www.facebook.com/watch/?v=484828722223790. **Exhibit A**.)

COMPLAINT FOR DECLARATORY JUDGMENT
NON-INFRINGEMENT OF TRADEMARK USE

Robins Kaplan LLP
Attorneys at Law

39.     The KARMA POINTS moniker featured prominently in press coverage of the card's rollout.



(Screenshot taken from exemplary media coverage of the Karma Points program. *See* https://www.businesswire.com/news/home/20200113005150/en/Expensify-Launches-First-Ever-Corporate-Card-Rewards-Program-That-Makes-a-Difference-Karma-Points. **Ex. A**.)

**Expensify's Initial Prosecution of its KARMA POINTS Mark**

40.     Expensify initially applied for registration of KARMA POINTS at the United States Patent and Trademark Office ("USPTO") in March 2020. Expensify narrowly focused its application to three distinct goods and services (1) downloadable and online computer software; (2) incentive award programs for charity; and (3) loyalty programs for financial services in international classes 009, 035, 036 and 042. Expensify's application as filed with the USPTO is attached as **Ex. B**.

41.     The Expensify application for KARMA POINTS was initially allowed on June 2, 2020, the examiner's search finding no confusingly similar marks to KARMA POINTS. In reliance thereon, Expensify continued its worldwide marketing campaign based largely on KARMA

ROBINS KAPLAN LLP
ATTORNEYS AT LAW

9

POINTS.  Expensify's KARMA POINTS application then proceeded under the Madrid Protocol. Expensify received International Registration No. 1528221 through the World Intellectual Property Organization ("WIPO"). Subsequently, the application entered the national stage of prosecution in New Zealand, Australia, the United Kingdom, Canada, and the European Union ("E.U.").

a. In the U.K., Expensify's KARMA POINTS mark was allowed after examination. The application was then published and Swappoint opposed on the grounds that Expensify's KARMA POINTS mark was confusingly similar to KARMAPOINT.

b. In the E.U., Expensify's KARMA POINTS mark was also published for review. Again, Swappoint opposed on grounds that Expensify's KARMA POINTS mark was confusingly similar to Swappoint's KARMAPOINT.

c. The Parties suspended the U.K. and E.U. oppositions, agreeing to negotiate a potential co-existence agreement. Negotiations remain at a stalemate, as discussed more fully below.

42.    In Australia, Expensify's KARMA POINTS mark was examined and refused in light of another mark, KARMA. Meanwhile, Swappoint's KARMAPOINT mark was allowed and Expensify opposed the granting of that mark on the grounds that Swappoint lacked an intention to use the mark and that the applicant was not the rightful owner of the KARMAPOINT mark. That opposition is open and ongoing. Swappoint has until October 12, 2022, to file evidence supporting its contentions that it had a bona fide intent to use the mark in Australian commerce.

43.    In New Zealand, Swappoint's KARMAPOINT mark was allowed and published for opposition. Expensify opposed the granting of the mark on the grounds that Swappoint lacked intent to use the mark. Swappoint initially had a deadline of September 8, 2022 to file evidence supporting its contentions that it had a bona fide intent to use the mark in commerce, however Swappoint has obtained an extension until November 8, 2022 to submit that evidence.

44.    On March 22, 2022, Expensify filed specimens of use with the USPTO. Unlike foreign filers, such as Swappoint, who seek to extend foreign trademark protections into the United States, domestic filers that originate their trademark protection at the USPTO are required to submit

10

ROBINS KAPLAN LLP
ATTORNEYS AT LAW

specimens of actual use to secure a registration. At the same time the Examiner conducted a second search, this time refusing Expensify's application based in part on Swappoint's KARMAPOINT mark. Expensify's U.S. application for KARMA POINT remains pending a response to the Examiner's refusal.

45.     Expensify's KARMA POINTS mark has been used and continues to be used extensively in commerce across dozens of countries, including the United States, Canada, United Kingdom, New Zealand, and the European Union. The uses are associated with the three goods and services listed above.  Through this use Expensify has developed common law rights in KARMA POINTS.

46.     However, to date, Expensify has received no in country registration grants for KARMA POINTS, due in large part to Swappoint's intransigence regarding its registered mark, KARMAPOINT.

**Swappoint's Prosecution of the KARMAPOINT Mark**

47.     Swappoint filed an initial application for trademark registration of the KARMAPOINT mark in Switzerland in December 2019, and the mark registered there on June 5, 2020. Swappoint subsequently applied for protection in several additional countries under the Madrid Protocols. One of those additional countries was the United States.

48.     In the United States, Swappoint filed a request for extension of protection over the foreign KARMAPOINT mark pursuant to Section 66(a) of the Lanham Act. In doing so, Swappoint was required to submit a declaration of its bona fide intention to use the mark in U.S. commerce for _all_ identified goods and services pursuant to 15 U.S.C. § 1141f(a). Swappoint did so by

ROBINS KAPLAN LLP
ATTORNEYS AT LAW

11

submitting Form MM18 when designating the United States under its international registration no. 1553877.

49.     Essentially identical to its Swiss registration,[4] Swappoint identified *nine* international classes associated with approximately *79* distinct goods and services with which it would use the KARMAPOINT mark in U.S. commerce. These were and remain as follows:

**Class 09:** Computer hardware; software; data storage devices and media; data processing apparatus and equipment and accessories [electric and mechanical]; information technology, audiovisual, visual, multimedia and photographic apparatus.

**Class 35:** Promotional and marketing services, particularly promotional services for third-party goods and services; advertising and marketing; services related to customer loyalty, incentive, motivation and bonus programs; commercial administration; commercial business assistance and management services and administrative services; advice for conducting commercial transactions; analysis, research and information services relating to business; provision of information and advice to consumers concerning a selection of products and articles for sale; help and assistance for carrying out commercial transactions for third parties.

**Class 36:** Real estate and financial services; financial affairs, monetary affairs and banking services; financial services, particularly with regard to digital currencies; insurance services; real estate affairs.

**Class 38:** Telecommunications; telecommunication services; provision of access to content, websites and Internet portals; provision of access to Internet platforms for the use of Internet services.

**Class 39:** Transport, transport of merchandise and people; transport brokerage; logistics services consisting in merchandise storage, transport and delivery services; carpooling (car-sharing) services; vehicle rental; vehicle driving services; packaging and warehousing of merchandise and general warehousing services; rental of storage space and freezer lockers; delivery of merchandise; provision of travel information and reviews; travel organization.

**Class 41:** Training, education, entertainment, sporting activities; services for educational, entertainment, sporting and cultural events; writing of texts (with the exception of advertising texts); electronic publication of information relating to third-party goods and services, namely price comparison data, product reviews and discount information; education; training; entertainment; sporting and cultural activities; publication of information and reviews related to housing, food and beverages (server services).

**Class 42:** Consultant services in the field of information technology; computer programming services in the field of e-commerce; technological consulting services in the field of e-commerce; hosting of e-commerce platforms on the Internet; scientific and technological services; design services; analysis and

---

[4] Swiss Reg. #747906.

Robins Kaplan LLP
Attorneys at Law

COMPLAINT FOR DECLARATORY JUDGMENT
NON-INFRINGEMENT OF TRADEMARK USE

evaluation of electronic publications of information and reviews of third-party goods and services as an information service.

**Class 43:** Services for providing food and beverages; temporary accommodation; pre-booking and reservation of temporary accommodation, restaurants, meals and beverages.

**Class 45:** Legal services, particularly licensing of rights; licensing of franchise concepts (legal services); licensing of industrial property rights and copyrights (legal services); mediation in the field of driving and carpooling services.

50.    Swapoint's KARMAPOINT mark registered on September 7, 2021 as Registration No. 6,473,418 ("the KARMAPOINT registration"). A copy of the registration is attached as **Ex. C**.

51.    On May 25, 2022, the USTPO refused Expensify's KARMA POINTS application, in part because of an alleged likelihood of confusion with Swappoint's KARMAPOINT registration.

52.    Unlike Expensify's application for the KARMA POINTS mark, the goods and services listed by Swappoint in the KARMAPOINT application bear little or no association with Defendants' actual use, or potential use, on the karmapoint.com website or in the Karmapoint SW App, which is a simple smartphone application. It is available, on the Google Play store (reporting only "50+" downloads) and the Apple App Store (which does not reveal an app's number of downloads, but which does show that the Karmapoint SW App is yet to receive a single user review) *See* screen captures immediately below.

93310068.1

COMPLAINT FOR DECLARATORY JUDGMENT
NON-INFRINGEMENT OF TRADEMARK USE

ROBINS KAPLAN LLP
ATTORNEYS AT LAW



(Screenshot taken from https://karmapoint.com/. **Ex. D**).



(Screenshot taken from the Karmapoint SW App listing in the Google Play store. **Ex. D**.)

ROBINS KAPLAN LLP
ATTORNEYS AT LAW

COMPLAINT FOR DECLARATORY JUDGMENT
NON-INFRINGEMENT OF TRADEMARK USE



(Screenshot taken from the Karmapoint SW App listing in the Apple App Store. **Ex. D**.)

53.     Even if Swappoint had the intention to expand its current use of the mark, the enormous breadth and widely varying nature of the goods and services claimed in the KARMAPOINT application defy belief.

54.     As just one example of the bewildering variety of goods and services claimed in the KARMAPOINT application, Registrant purports that it intends to use the KARMAPOINT mark with various legal services. On information and belief, neither of Defendants is a licensed U.S. attorney.

55.     In terms of sheer breadth, if Registrant accomplished its purported intended use of the KARMAPOINT mark, such use would position it alongside some of the world's most powerful and recognizable brands. By way of comparison:

93310068.1

COMPLAINT FOR DECLARATORY JUDGMENT
NON-INFRINGEMENT OF TRADEMARK USE

ROBINS KAPLAN LLP
ATTORNEYS AT LAW

a. Presently registered iterations of the trademark FACEBOOK associate the mark with 11 international goods and services classes.[5]

b. Presently registered iterations of the trademark YOUTUBE associate the mark with seven international goods and services classes.[6]

c. Presently registered iterations of the trademark INSTAGRAM associate the mark with 11 international goods and services classes.[7]

56.     On information and belief, Defendants have no plans, let alone ability or potential ability, to use the KARMAPOINT mark in a manner remotely comparable to that of FACEBOOK, YOUTUBE or INSTAGRAM.

57.     On information and belief, Defendants have never used KARMAPOINT in association with any good or service other than the Karmapoint SW App and on the karmapoint.com website.

58.     On information and belief, Defendants are closely held companies, with few or no employees, and had no actual plans, and still have not plans, let alone the ability, to use the KARMAPOINT mark beyond its present use with the Karmapoint SW App.

59.     On information and belief, Swappoint merely copied or substantially reproduced previous trademark applications filed on behalf of affiliated companies, with knowledge and/or reckless disregard of the fact that the information copied from those previous trademark applications was not a truthful description of the intended use for the KARMAPOINT mark.

_____

[5] Expensify reached this total of international goods and services classes associated with FACEBOOK after performing a search on September 26, 2022, of the USPTO's Trademark Electronic Search System (TESS) and reviewing all live registrations containing only the word FACEBOOK.

[6] Expensify reached this total of international goods and services classes associated with YOUTUBE after performing a search on September 26, 2022, of the USPTO's Trademark Electronic Search System (TESS) and reviewing all live registrations containing only the word YOUTUBE.

[7] Expensify reached this total of international goods and services classes associated with INSTAGRAM after performing a search on September 26, 2022, of the USPTO's Trademark Electronic Search System (TESS) and reviewing all live registrations containing only the word INSTAGRAM.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW

COMPLAINT FOR DECLARATORY JUDGMENT
NON-INFRINGEMENT OF TRADEMARK USE

ROBINS KAPLAN LLP
ATTORNEYS AT LAW

60.     This is evidenced by the fact that the registration of the mark "SWAP POINT" in Switzerland covers essentially the same goods and services classes with substantially similar descriptions, as its U.S. KARMAPOINT registration, despite no apparent similarities between use, if any, of the respective marks.

61.     Further, the KARMAPOINT goods and services list is substantially similar to that of the Swiss registration of the word and design mark "SCHWEIZER KAPITAL," which predates the KARMAPOINT mark. In total, the marks share seven classifications of goods and services, which are described in substantially similar terms.

62.     On information and belief Schweizer Kapital Holding AG owns the Swiss SCHWEIZER KAPITAL mark, and the company further owns or is otherwise affiliated with Swappoint and/or Karmapoint.

63.     On information and belief Schweizer Kapital Holding AG is a holding company engaged in business activities that are not similar to the goods and services associated with the KARMAPOINT mark.

64.     The inescapable conclusion arising from the similarities between the goods and services listed for the SCHWEIZER KAPITAL, SWAP POINT, and KARMAPOINT marks is that Swappoint did not properly tailor its registration for the KARMAPOINT mark and instead relied on previous registrations for affiliated brands owned by Umut Ertan, without any regard for the actual use or intended use of the marks. This indicates that  Swappoint lacked the bona fide intent to use the KARMAPOINT in the manner declared to the USPTO. This further suggests a willful or reckless disregard for the actual or intended use of the KARMAPOINT mark in preparing its application.

65.     A further, reasonable inference is that Registrant *knew* it lacked intent to use the KARMAPOINT mark in the manner described in its application and/or recklessly disregarded the truth of its intended use when it made its declaration to the USPTO.

66.     Such conduct sits squarely within the precedent for cancellation of a mark. If discovery substantiates the inference that Swappoint made a false declaration to the USPTO in

17

order to obtain a registration, with knowledge of its falsity or *even with merely reckless disregard for the truth of the declaration*, then Swappoint's mark was obtained fraudulently and is subject to cancellation.

67.     Realizing that its KARMAPOINT registration will not stand a challenge, and that its initial application, as detailed above, was overbroad and unsupportable, Swappoint subsequently applied for registration of a design mark including the KARMA POINT words.

68.     This application includes three classes naming approximately thirty goods and services.



*See* Swiss Reg. No. 767317, Int. Reg. No. 1621046 and U.S. Serial No. #79323601.

**Ongoing Dispute and Negotiations**

69.     Despite the clear overreach in the protections it has sought for the KARMAPOINT mark, Swappoint has nevertheless sought to prevent Expensify from protecting its own rights in the KARMA POINTS mark, by claiming that the marks are confusingly similar. As exemplary:

   a.   Swappoint has opposed Expensify's U.K. registration on grounds that the KARMA POINT mark would cause confusion with the KARMAPOINT mark.

   b.   Swappoint has opposed Expensify's E.U. registration on similar grounds.

   c.   Swappoint has refused to address Expensify's concerns about the breadth of the protections it seeks to maintain over the KARMAPOINT mark and has never offered any credible explanation for how it could ever use the mark in the manner it has claimed.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW

COMPLAINT FOR DECLARATORY JUDGMENT
NON-INFRINGEMENT OF TRADEMARK USE

d.   Swappoint has further rebuffed efforts by Expensify to determine whether, even if Swappoint maintains its overbroad claims for protection of the KARMAPOINT mark, the KARMAPOINT and KARMA POINTS marks can readily coexist.

70.   Defendants' refusal to reach an agreement with Expensify and its oppositions to Expensify's trademark allowances establishes that Defendants are likely to assert infringement claims should both parties continue to use their respective marks.   Defendants have stated during negotiations that they will "enforce their rights and are well funded for infringement litigation."

71.   Defendants have repeatedly failed to show any acknowledgment of the impact of its intransigence on Expensify's ability to conduct business and use its KARMA POINTS mark.

72.   Defendants' refusal to enter into a co-existence agreement with Expensify as to each party's respective use of their registered marks, as well as Swappoint's history of opposition to Expensify's registration of the KARMA POINTS marks around the world indicates that Defendants will pursue infringement claims against Expensify should Expensify continue to use its KARMA POINTS mark.

**No Likelihood of Confusion**

73.   Defendants' refusal to enter into a co-existence agreement with Expensify is particularly vexing in light of the fact that there is no likelihood of confusion as to the source of the goods and services associated with the KARMAPOINT and KARMA POINTS marks. In fact, the marks are completely distinguishable from each other, both in terms of use and the disparate customer groups to whom they are directed.

74.   First, the KARMAPOINT mark conveys the idea of a fixed "point" in time or space, i.e., a meeting point, a boiling point, or geographic feature (e.g., Point Reyes). Specifically, that "point" is associated with the presence of "Karma."

75.   Consistent with this interpretation of the mark, on information and belief Defendants use KARMAPOINT only in connection with the Karmapoint SW App which provides *a place*, specifically a software platform, for users to create and maintain profiles and exchange recognition

ROBINS KAPLAN LLP
ATTORNEYS AT LAW

COMPLAINT FOR DECLARATORY JUDGMENT
NON-INFRINGEMENT OF TRADEMARK USE

for good deeds and other acts. A representative reference to Defendants' use of KARMAPONT on its website is shown below.



(Screenshot taken from https://karmapoint.com/. **Ex. A**).

76.     On information and belief, the Karmapoint SW App is available for free in the app stores for the major smartphone operating systems, and as such, the mark is indiscriminately directed toward individual users and consumers.

77.     Expensify's KARMA POINTS mark, on the other hand, conveys the notion of the accumulation of "points" that represent a measurement or an accrual of "Karma."

78.     Consistent with that interpretation of the mark, Expensify uses its KARMA POINTS mark in connection with the Expensify Card reward system, whereby purchases *accrue* Karma Points, which are then redistributed to charitable organizations in the form of a cash payment from

ROBINS KAPLAN LLP
ATTORNEYS AT LAW

20

COMPLAINT FOR DECLARATORY JUDGMENT
NON-INFRINGEMENT OF TRADEMARK USE

Expensify. A representative use of the term Karma Points in association with the Expensify Card is attached below.



(Screenshot taken from Expensify marketing video for the Expensify Card and for Karma Points. See https://www.facebook.com/watch/?v=484828722223790. **Ex. A**).

79.     Unlike the general customer base to whom the KARMAPOINT mark is directed, the KARMA POINTS mark is directed only to users of the Expensify Card, a credit card for businesses. Contrarily, the Karmapoint SW App, as shown above, is directed to members of the general public, *i.e.,* households, handicraft hobbyists, gardeners, tutors, and so forth.

80.     Because of the widely divergent meaning of the KARMAPOINT and KARMA POINTS marks as used by the parties and because of the significant difference in the types of customers and users to whom each mark is directed, there is no likelihood of confusion as to the marks.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW

21

# FIRST CAUSE OF ACTION
## Declaratory Judgement of Non-Infringement
### (28 U.S.C. § 2201 & 15 U.S.C. § 1125)
### Against All Defendants

81.     The allegations of Paragraphs 1 through 80 are incorporated herein by reference.

82.     An actual and justifiable controversy exists between the parties with respect to Expensify's rights in the KARMA POINTS mark and Defendants' rights in the KARMAPOINT mark.

83.     Defendants' regards Expensify's use of the KARMA POINTS mark as infringing on their own use of the KARMAPOINT mark and registrations. Swappoint has previously opposed Expensify's registration of the KARMA POINTS and has stated numerous times that the Expensify's use of KARMA POINTS is confusingly similar to Defendants' use and registration of KARMAPOINT. Further, during negotiations Defendants have stated that they are financed to sustain protracted enforcement litigation. Therefore, a dispute has arisen creating a justiciable controversy.

84.     Expensify believes there is no likelihood of confusion between Expensify's use of the KARMA POINTS mark and Defendants' use of KAMRAPOINT and Expensify's use of the KARMA POINTS mark does not infringe any trademark rights claimed or possessed by Defendants.

85.     Expensify therefore seeks declaratory relief pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 under 18 U.S.C. § 1125 (The Lanham Act), confirming that its use of the KARMA POINTS mark in connection with its program does not infringe any trademark rights claimed or possessed by Defendants.

1
2
3

**SECOND CAUSE OF ACTION**
**Cancellation of Trademark Registration for Lack of Bona Fide Intent to Use**
**(15 U.S.C. § 1119)**
**Against Swappoint**

4          86.    The allegations of Paragraphs 1 through 85 are incorporated herein by reference.

5          87.    An action exists involving the KARMAPOINT mark because Swappoint's

6    registration of the KARMAPOINT mark has caused Expensify to seek declaratory judgment in this

7    Court as to its own rights in the KARMA POINTS mark and because Expensify asserts that it has

8    suffered harm due to Swappoint's fraudulent representations used to procure registration of the

9    KARMAPOINT mark.

10         88.    The KARMAPOINT mark is registered as U.S. Trademark Registration No.

11   6,473,418, claiming priority to Swiss Reg. #747906 and International Reg. #1553877.

12         89.     This Court therefore has authority to cancel, in whole or in part, the registration of

13   the KARMAPOINT mark.

14         90.    On information and belief, Swappoint lacked the requisite intent to use its

15   KARMAPOINT mark in association with at least some of the goods and services described in its

16   application for U.S. registration of the mark and declared in its Declaration of Bona Fide Intent to

17   Use.

18         91.    Accordingly, maintenance of U.S. Trademark Registration No. 6,473,418 is

19   contrary to law, and this registration should be cancelled pursuant to the Court's authority under 15

20   U.S.C. §1119.

21
22
23

**THIRD CAUSE OF ACTION**
**Civil Liability for False or Fraudulent Registration of a Trademark**
**(15 U.S.C. § 1120)**
**Against Swappoint**

24         92.    The allegations of Paragraphs 1 through 91 are incorporated herein by reference.

25         93.    Upon information and belief, Swappoint obtained its U.S. Trademark Registration

26   No. 6,473,418 by a false and/or fraudulent representation as described above.

27
28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW

94.     On information and belief, Swappoint only obtained U.S. Trademark Registration No. 6,473,418 by knowingly, or with reckless disregard of the true facts, misrepresenting to the USPTO in its Declaration of Bona Fide Intent to Use that the KARMAPOINT mark would be used in association with all of the goods and services listed in its registration application, when in fact it would not be.

95.     Expensify has been damaged and will continue to be damaged by Swappoint's attempts to enforce the KARMAPOINT mark, the registration for which was obtained by the false and/or fraudulent means described above.

## **PRAYER FOR RELIEF**

96.     WHEREFORE, Expensify respectfully requests that the Court award the following relief:

    a.   Enter judgment according to the declaratory relief sought.

    b.   Enter an order directing the United States Patent and Trademark Office to cancel U.S. Trademark Registration No. 6,473,418.

    c.   Award Expensify its costs in this action.

    d.   Award Expensify its reasonable attorney fees.

    e.   Enter such other further relief to which Expensify may be entitled to as a matter of law or equity, or which the Court determines to be just and proper.

DATED:  October 4, 2022                  **ROBINS KAPLAN LLP**


By:  /s/ *Kevin M. Pasquinelli*
       Kevin M. Pasquinelli


*Counsel for Plaintiff Expensify, Inc.*

ROBINS KAPLAN LLP
ATTORNEYS AT LAW

# EXHIBIT A

# The only card that gives you karma points.



Every time you book a flight, you offset carbon emissions.

BUSINESS WIRE
A BERKSHIRE HATHAWAY COMPANY

HOME    SERVICES    NEWS    EDUCATION    ABOUT US

# Expensify Launches First Ever Corporate Card Rewards Program That Makes a Difference: Karma Points

*The Expensify Card replaces traditional rewards points with donations to fight homelessness, hunger, and climate change through new charity Expensify.org*



Expensify launches Karma Points, the only card reward that makes a difference. (Photo: Business Wire)



January 13, 2020 06:00 AM Eastern Standard Time

SAN FRANCISCO--(BUSINESS WIRE)--Expensify, the world's most widely-used and fastest-growing expense management platform, today announced a new corporate card initiative, Karma Points, that makes an automatic charitable donation every time an Expensify cardholder makes a purchase. With every swipe, Expensify will donate 10 percent of Expensify Card revenue to causes aimed at keeping people off the streets, getting hungry kids meals, and fighting climate change. The Expensify Card is the first corporate card to offer a more meaningful alternative to traditional rewards points.

"The reality is, rewards worth *hundreds of billions of dollars* go unredeemed every year, and most people with rewards cards spend more in fees and interest than the rewards they earn," said David Barrett, founder and CEO of Expensify. "Revenue from these rewards programs is literally measured in pennies on the dollar -- or *fractions* of pennies. But what if we combined all those billions of fractions of pennies and put them into the hands of those who need them a whole lot more than we do? That's the idea behind Karma Points."

# EXHIBIT B

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 88822242**
**Filing Date: 03/05/2020**

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 88822242 |
| **MARK INFORMATION** | |
| *MARK | KARMA POINTS |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | KARMA POINTS |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Expensify, Inc. |
| *MAILING ADDRESS | 548 Market St, #61434 |
| *CITY | San Francisco |
| *STATE (Required for U.S. applicants) | California |
| *COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 94104 |
| FAX | 773.570.3328 |
| *EMAIL ADDRESS | XXXX |
| WEBSITE ADDRESS | www.expensify.com |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | corporation |
| STATE/COUNTRY/REGION/JURISDICTION/U.S. TERRITORY OF INCORPORATION | Delaware |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| INTERNATIONAL CLASS | 009 |
| *IDENTIFICATION | Downloadable computer application software for mobile phones and handheld computers, namely, software which tracks expenses and payments and makes charitable contributions based upon usage. |
| FILING BASIS | SECTION 1(b) |
| INTERNATIONAL CLASS | 035 |

| *IDENTIFICATION | Providing incentive award programs for credit card customers through issuance and processing of charitable contributions to selected charitable programs based on points issued for using the card; Promoting the use of credit cards accounts through the administration of charitable award programs. |
|---|---|
| FILING BASIS | SECTION 1(b) |
| INTERNATIONAL CLASS | 036 |
| *IDENTIFICATION | Financial services, namely charge card, gift card, credit card and payment services; providing electronic processing of electronic funds transfer, ACH, credit card, debit card, electronic check and electronic payment, and related charitable contributions based on usage points; Providing charitable contributions for credit card use as part of a customer loyalty program. |
| FILING BASIS | SECTION 1(b) |
| INTERNATIONAL CLASS | 042 |
| *IDENTIFICATION | Providing temporary use of online non-downloadable software for use in an automated generation of expense reports that are categorized according to individuals, entities, and/or expense categories, and making aggregated charitable donations to selected charities based on card usage; Software as a service (SAAS) services featuring a computer software platform for use in an automated generation of expense reports that are categorized according to individuals, entities, and/or expense categories, and making automated aggregated charitable donations to selected charities based on usage. |
| FILING BASIS | SECTION 1(b) |

## ATTORNEY INFORMATION

| NAME | Michael K Bosworth |
|---|---|
| ATTORNEY DOCKET NUMBER | EXPENS-020TM |
| ATTORNEY BAR MEMBERSHIP NUMBER | XXX |
| YEAR OF ADMISSION | XXXX |
| U.S. STATE/ COMMONWEALTH/ TERRITORY | XX |
| FIRM NAME | Klintworth and Rozenblat IP LLP |
| STREET | 19 N. Green St. |
| CITY | Chicago |
| STATE | Illinois |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| ZIP/POSTAL CODE | 60607 |
| PHONE | 408-827-3303 |
| FAX | 773.570.3328 |
| EMAIL ADDRESS | trademarks@kandrip.com |
| OTHER APPOINTED ATTORNEY | Tim Klintworth, Linda Palomar and the attorneys of Klintworth and Rozenblat IP LLP |

## CORRESPONDENCE INFORMATION

| NAME | Michael K Bosworth |
|---|---|
| **PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE** | trademarks@kandrip.com |
| **SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES)** | mbosworth@kandrip.com; KPasquinelli@RobinsKaplan.com |
| **FEE INFORMATION** | |
| **APPLICATION FILING OPTION** | TEAS Standard |
| **NUMBER OF CLASSES** | 4 |
| **APPLICATION FOR REGISTRATION PER CLASS** | 275 |
| *****TOTAL FEES DUE** | 1100 |
| *****TOTAL FEES PAID** | 1100 |
| **SIGNATURE INFORMATION** | |
| **SIGNATURE** | /Ryan Schaffer/ |
| **SIGNATORY'S NAME** | Ryan Schafer |
| **SIGNATORY'S POSITION** | Director of Strategy |
| **SIGNATORY'S PHONE NUMBER** | 408-827-3303 |
| **DATE SIGNED** | 03/04/2020 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

### Trademark/Service Mark Application, Principal Register

**Serial Number: 88822242**
**Filing Date: 03/05/2020**

## To the Commissioner for Trademarks:

**MARK:** KARMA POINTS (Standard Characters, see mark)
The literal element of the mark consists of KARMA POINTS. The mark consists of standard characters, without claim to any particular font style, size, or color.
The applicant, Expensify, Inc., a corporation of Delaware, having an address of
    548 Market St, #61434
    San Francisco, California 94104
    United States
    773.570.3328(fax)
    XXXX

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

International Class 009:  Downloadable computer application software for mobile phones and handheld computers, namely, software which tracks expenses and payments and makes charitable contributions based upon usage.
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

International Class 035:  Providing incentive award programs for credit card customers through issuance and processing of charitable contributions to selected charitable programs based on points issued for using the card; Promoting the use of credit cards accounts through the administration of charitable award programs.
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

International Class 036:  Financial services, namely charge card, gift card, credit card and payment services; providing electronic processing of electronic funds transfer, ACH, credit card, debit card, electronic check and electronic payment, and related charitable contributions based on usage points; Providing charitable contributions for credit card use as part of a customer loyalty program.
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

International Class 042:  Providing temporary use of online non-downloadable software for use in an automated generation of expense reports that are categorized according to individuals, entities, and/or expense categories, and making aggregated charitable donations to selected charities based on card usage; Software as a service (SAAS) services featuring a computer software platform for use in an automated generation of expense reports that are categorized according to individuals, entities, and/or expense categories, and making automated aggregated charitable donations to selected charities based on usage.
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

For informational purposes only, applicant's website address is: www.expensify.com

The owner's/holder's proposed attorney information: Michael K Bosworth. Other appointed attorneys are Tim Klintworth, Linda Palomar and the attorneys of Klintworth and Rozenblat IP LLP. Michael K Bosworth of Klintworth and Rozenblat IP LLP, is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, and the attorney(s) is located at
    19 N. Green St.
    Chicago, Illinois 60607
    United States
    408-827-3303(phone)

773.570.3328(fax)
trademarks@kandrip.com
The docket/reference number is EXPENS-020TM.
Michael K Bosworth submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.
The applicant's current Correspondence Information:

Michael K Bosworth

PRIMARY EMAIL FOR CORRESPONDENCE: trademarks@kandrip.com

SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): mbosworth@kandrip.com; KPasquinelli@RobinsKaplan.com


**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the applicant owner/holder and the applicant owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).
A fee payment in the amount of $1100 has been submitted with the application, representing payment for 4 class(es).

**Declaration**

☑ **Basis:**
  **If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

  - The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
  - The mark is in use in commerce on or in connection with the goods/services in the application;
  - The specimen(s) shows the mark as used on or in connection with the goods/services in the application; and
  - To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

  **And/Or**
  **If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

  - The signatory believes that the applicant is entitled to use the mark in commerce;
  - The applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application; and
  - To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /Ryan Schaffer/   Date: 03/04/2020
Signatory's Name: Ryan Schafer
Signatory's Position: Director of Strategy
Payment Sale Number: 88822242
Payment Accounting Date: 03/05/2020

Serial Number: 88822242
Internet Transmission Date: Thu Mar 05 13:13:43 ET 2020
TEAS Stamp: USPTO/BAS-XXXX:XXXX:XXXX:XXXX:XXXX:XXXX:
XXXX:XXXX-20200305131343939658-88822242-
71011f960c09e07b535642a1a6782f9da2b88964
721221d8d8ff24679ea6e0-CC-13422589-20200
228171821602081

# KARMA POINTS

# EXHIBIT C

# United States of America

## United States Patent and Trademark Office

# KARMAPOINT

**Reg. No. 6,473,418**

**Registered Sep. 07, 2021**

**Int. Cl.: 9, 35, 36, 38, 39, 41, 42, 43, 45**

**Service Mark**

**Trademark**

**Principal Register**

SWAPPOINT AG  (SWITZERLAND AKTIENGESELLSCHAFT (AG))
Bahnhofstrasse 54
Ch-8001 Zürich
SWITZERLAND

CLASS 9: Computer hardware; software, namely, downloadable software for database management; software, namely, downloadable software applications for database management; software, namely, downloadable video game software; data storage devices and media, namely, external computer hard drives; data processing apparatus and equipment and accessories being electric and mechanical in the nature of power supplies; information technology, audiovisual, visual, multimedia and photographic apparatus, namely, computers, mobile computers, laptop computers, PC tablets, cameras, video cameras, mobile phones, protective cases for mobile phones, protective cases for laptop computers, and protective cases for tablet computers

CLASS 35: Promotional and marketing services, particularly promotional services for third party goods and services; advertising and marketing; services related to customer loyalty, incentive, motivation and bonus programs, namely, providing incentive award programs for customers, employees, and business partners through the issuance and processing of loyalty coupons and loyalty points for frequent use of participating businesses; services related to customer loyalty, incentive, motivation and bonus programs, namely, incentive award programs to promote the sale of products and services of others; services related to customer loyalty, incentive, motivation and bonus programs, namely, providing incentive award programs through issuance and processing of loyalty points for purchase of a company's goods and services; services related to customer loyalty, incentive, motivation and bonus programs, namely, promoting the sale of goods and services of others by means of contests and incentive award programs; commercial administration of the licensing of the goods and services of others; commercial business assistance and management services and administration services; advice for conducting commercial transactions; analysis, research and information services relating to business, namely, business data analysis; provision of information and advice to consumers concerning a selection of products and articles for sale; help and assistance for carrying out commercial transactions for third parties, namely, providing consumer information in the field of loyalty programs and advisory services for preparing and carrying out commercial transactions

CLASS 36: Real estate and financial services, namely, real estate investment consultation and financial consultation; financial affairs in the nature of financial consulting and financial management services, monetary affairs, namely, monetary strategy consultation and research, and banking services; financial affairs in the nature of financial transaction services, namely, providing secure commercial transaction and payment options, monetary affairs in the nature of loyalty program payment processing, credit card payment processing, and banking services; financial consulting and financial management services, monetary affairs, namely, monetary strategy consultation and research, and banking services; financial services, namely, financial consulting





Performing the Functions and Duties of the
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office

particularly with regard to digital currencies; insurance services, namely, insurance underwriting services for all types of insurance; real estate affairs, namely, real estate brokerage services, real estate management services, and real estate consultation services

CLASS 38: Telecommunications, namely, telecommunications access services; telecommunications, namely, telecommunications gateway services; telecommunications, namely, transfer of data by telecommunications; telecommunication services, namely, communications by mobile phones; provision of access to content, websites and Internet portals all in the nature of providing access to the internet; provision of access to internet platforms for the use of internet services in the nature of providing access to the internet

CLASS 39: Transport in the nature of air transport, passenger transport, transport of travelers, transport of goods, transport of merchandise and people; transport brokerage; logistics services consisting of merchandise storage, transport and delivery services; carpooling being car-sharing services; vehicle rental; vehicle driving services; packaging and warehousing of merchandise and general warehousing services; rental of storage space and freezer lockers; delivery of merchandise; provision of travel information and reviews; travel organization being the organization of travel

CLASS 41: Training, education, entertainment, sporting activities, namely, training in the fields of languages, general education, sports, entertainment, financial services, real estate services, and telecommunications services; organization of sports competitions; services for educational, entertainment, sporting and cultural events, namely, arranging and conducting conferences in the field of business; services for educational, entertainment, sporting and cultural events, namely, arranging and conducting conferences in the field of entertainment; services for educational, entertainment, sporting and cultural events, namely, arranging and conducting conferences in the fields of sporting and cultural events; writing of texts in the nature of writing of articles for periodicals with the exception of advertising texts; electronic publication of information in the nature of blogs and online non-downloadable articles and non-downloadable reports relating to third party goods and services, namely, price comparison data, product reviews and discount information; education, namely, providing educational information in the field of business; training, namely, providing training in the field of business; entertainment, namely, hosting of social entertainment events; entertainment, namely, film and video production; entertainment, namely, video and computer game software production; sporting and cultural activities, namely, special event planning for social entertainment purposes; sporting and cultural activities, namely, arranging and conducting of concerts; sporting and cultural activities, namely, arranging and conducting of sporting events and competitions; sporting and cultural activities, namely, arranging and conducting of community cultural events; publication of information and reviews in the nature of blogs and online articles and reports related to housing, food and beverages, and food and beverage server services

CLASS 42: Consultant services in the field of information technology; computer programming services in the field of e-commerce; computer programming services in the field of e-commerce, namely, customized computer software development in the field of e-commerce; technological consulting services in the field of e-commerce; technological consulting services in the field of e-commerce, namely, consultation on customized software development in the field of e-commerce; hosting of e-commerce platforms on the Internet for others; scientific and technological services, namely, scientific research; technology research in the field of computer software; technology research in the field of e-commerce; scientific and technological services, namely, technology consultation in the field of software development; scientific and technological services, namely, technology consultation in the field of e-commerce; scientific and technological services, namely, providing computer technology support services in the nature of help desk services; scientific and technological services, namely, developing customized software for others; scientific and technological services, namely, computer technology consultation; scientific and technological

services, namely, technology consultation in the field of business; design services, namely, industrial design and new product design services; design services, namely, customized computer software design services

CLASS 43: Services for providing food and beverages; providing temporary accommodation; pre-booking and reservation of temporary accommodation, restaurants, meals and beverages

CLASS 45: Legal services, particularly licensing of rights; licensing of franchise concepts being legal services; licensing of industrial property rights and copyrights being legal services; mediation in the field of driving and carpooling

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

PRIORITY DATE OF 12-09-2019 IS CLAIMED

OWNER OF INTERNATIONAL REGISTRATION 1553877 DATED 06-05-2020, EXPIRES 06-05-2030

SER. NO. 79-295,201, FILED 06-05-2020

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# EXHIBIT D

 karma point®

Start   History   Our vision   The App   Karma Level   Join   Partner   Founder





# The app

Exchange limited KARMACOIN®'s for attractive vouchers or give Karma to motivate your fellow men and women at work, in projects or in organisations.

Show joy and gratitude, give hope and trust and help to gain coveted Karma Levels, with which you can make your everyday heroes and heroines visible as Karma Superheroes. For your registration you will receive 50 KARMACOIN®'s to get started right away.

   

 Google Play    Games    Apps    Movies & TV    Books    Kids

# KARMAPOINT®

KARMAPOINT AG

| 5.0★ | 50+ | |
|------|-----|---|
| 8 reviews | Downloads | USK: Ages 12+ |



Install        Add to wishlist

You don't have any devices





KARMAPOINT® – give karma, receive karma, vouchers, stories and karma levels
KARMAPOINT® is made by people for peo| more

Karmapoint AG                                        >
Developer

## Ratings & Reviews

This app hasn't received enough ratings or reviews to display a summary.

Tap to Rate:     ☆ ☆ ☆ ☆ ☆

✎ Write a Review          ? App Support