Jonathan C. Balfus Esq. (SBN 155532)
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER, LLP**
555 S. Flower Street - Suite 2900
Los Angeles, CA 90071-2407
213.330.8801 (Direct)
213.443.5100 (Main)
213.443.5101 (Fax)
jonathan.balfus@wilsonelser.com

Attorneys for Defendants SWAPPOINT AG
and KARMAPOINT AG

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPENSIFY, INC., a Delaware corporation,<br><br>       Plaintiff,<br><br>vs.<br><br>SWAPPOINT AG, a Swiss corporation, KARMAPOINT AG, a Swiss corporation,<br><br>       Defendants. | **CASE NO. 3:22-cv-05720-LB**<br><br>*(Hon. Laurel Beeler)*<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Concurrently filed with Declaration of Umut Ertan in Support of Motion*]<br><br>Date: March 3, 2023<br>Time: 9:30 a.m.<br>Room: Courtroom B – 15th Floor<br><br>Complaint Filed: October 4, 2022 |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE that** on March 3, 2023, at 9:30 a.m. or as soon thereafter as the matter may be heard in the above-titled court, located at the San Francisco Courthouse, Courtroom B, 450 Golden Gate Avenue, San Francisco, CA 94102 (or by telephonic or video appearance as

1  the Court may permit), Defendants, Swappoint AG and Karmapoint AG ("Defendants"), will move
2  the Court to dismiss this action pursuant to Federal Rule of Civil Procedure 4(k) because this Court
3  lacks personal jurisdiction over Defendants.
4        The Motion will be based on this Notice of Motion and Motion, the Memorandum of
5  Points and Authorities filed herewith, the declaration submitted in support thereof, and the
6  pleadings and papers filed herein.

8  Dated: January 31, 2023       WILSON, ELSER, MOSKOWITZ,
                                                       EDELMAN & DICKER LLP

                                           By: _____/s/ Jonathan C. Balfus_____
                                             Jonathan C. Balfus, Esq.
                                             Attorneys for Defendants SWAPPOINT AG
                                             and KARMAPOINT AG

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

    I.    INTRODUCTION ................................................................................................. 1

    II.    PARTIES ............................................................................................................... 2

    III.    BACKGROUND ................................................................................................... 2

    IV.    DISCUSSION ....................................................................................................... 3

        A.    JURISDICTION UNDER RULE 4(K) ..................................................... 3

        B.    PLAINTIFF'S JURISDICTIONAL ALLEGATIONS ................................. 4

        C.    DEFENDANTS HAVE NO MINIMUM CONTACTS WITH THIS JURISDICTION ........................................................................................... 5

            1.    No Activities "Purposefully Directed" At This Forum ....................... 5

            2.    No Actual or Foreseeable Harm ......................................................... 5

            3.    The Exercise of Jurisdiction In this Forum Would Not Be Reasonable ........................................................................................... 6

            4.    Defendants' Website Does Not Subject Them to Jurisdiction ............ 7

    V.    CONCLUSION ..................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AMA Multimedia, LLC v. Wanat,*
  970 F.3d 1201 (9th Cir. 2020) ..............................................................................................6, 7

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.,*
  874 F.3d 1064 (9th Cir. 2017) .................................................................................................3, 5

*Bancroft & Inc. v. Nat. Inc.,*
  223 F.3d 1082 (9th Cir. 2000) ...............................................................................................3, 5, 7

*Calder v. Jones,*
  465 U.S. 783 (1984)................................................................................................................3, 4, 6

*Dole Food Co. v. Watts,*
  303 F.3d 1104 (9th Cir. 2002) .....................................................................................................3

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.,*
  485 F.3d 450 (9th Cir. 2007) .......................................................................................................6

*Int'l Shoe Co. v. Washington,*
  326 U.S. 310 (1945)......................................................................................................................2

*Mavrix Photo, Inc. v. Brand Inc.,*
  647 F.3d 1218 (9th Cir. 2011) ........................................................................................3, 4, 5, 6, 7

*Pebble Beach Co. v. Caddy,*
  453 F.3d 1151 (9th Cir. 2006) ...................................................................................................2, 3

*Schwarzenegger v. Fred Martin Motor Co.,*
  374 F.3d 797 (9th Cir. 2004) ..............................................................................................2, 3, 4, 5, 6

**Rules**

Federal Rule of Civil Procedure 4(k)........................................................................................1, 3

Federal Rule of Civil Procedure 4(k)(2) ..................................................................................2, 3, 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant, Swappoint AG ("Swappoint"), is the owner of record for U.S. Trademark Registration No. 6473418 of the word mark KARMAPOINT, filed in the United States Patent and Trademark Office ("USPTO") under Section 66(a) of the Trademark Act, with a Priority Date of December 9, 2019 (the "KARMAPOINT Registration"). Swappoint and its subsidiary company, Defendant, Karmapoint AG ("Karmapoint" and, together with Swappoint, "Defendants"), currently use the mark, KARMAPOINT, (the "KARMAPOINT Mark"), *inter alia*, in connection with an incentive award program for consumers and businesses, and in connection with a software application that can be accessed via the www.karmapoint.com website.

Plaintiff, Expensify, Inc. ("Plaintiff") purports to have common law rights in "Karma Points" as a trademark. Plaintiff filed U.S. Application Serial No. 88/822242 for registration of KARMA POINTS based on "intent to use" under Section 1(b) of the Trademark Act on March 5, 2020. An application based on "intent to use" under Section 1(b) must have a Statement of Use filed in the USPTO within a set time frame, with a specimen of use showing use of the mark as filed in connection with at least *one* of the goods or services named in each class in the application, together with a signed Declaration indicating valid use in U.S. commerce as to *all* goods and services recited in the Statement of Use, in order to receive federal registration. Five extensions of time, in six month increments from the Notice of Allowance date, are allowed to be filed before the Statement of Use *must* be filed to secure registration, or the application would abandon in due course due to lack of use of the mark as filed. In this case, Plaintiff filed *three* six-month extensions of time before filing its Statement of Use on March 22, 2022. Plaintiff filed the Statement of Use in U.S. Application Serial No. 88/822242 with use claims as to *all* named goods and services in the application as filed, with *no deletions* of goods or services. Plaintiff submitted a specimen of use for each class, alleging use of the mark KARMA POINTS in connection with at least *one* of the named goods or services per class, together with a Declaration indicating that the mark was in use in commerce in connection with *all* named goods and services at the time of the filing of the Statement of Use. On May 25, 2022, the USPTO issued an Office Action refusing

Plaintiff's Statement of Use in International Class 9 under Trademark Act Sections 1 and 45 because "the specimen does not show the applied-for mark as actually used in commerce in connection with any of the goods and/or services specified in International Class 009" and in International Class 42 under Trademark Act Sections 1 and 45 because "the specimen does not show a direct association between the mark and the services and fails to show the applied-for mark as actually used in commerce with the identified services in International Class 42." In the May 25, 2022 Office Action, the USPTO also cited the KARMAPOINT Registration as a block to registration for Plaintiff's applied-for mark in International Classes 35 and 36. After Plaintiff's U.S. Application Serial No. 88/822242 was refused, Plaintiff simultaneously filed the instant action and a cancellation proceeding in the Trademark Trial and Appeal Board ("TTAB") of the USPTO against the KARMAPOINT Registration. Because Defendants are foreign corporations, Plaintiff asserts jurisdiction over Defendants in this judicial district pursuant to Federal Rule of Civil Procedure 4(k) ("Rule 4(k)").

Defendants now move to dismiss Plaintiff's complaint because the exercise of personal jurisdiction over Defendants by this Court would not comport with due process.

## II. PARTIES

Plaintiff is a Delaware corporation with its principal places of business located in San Francisco, California, and Portland, Oregon. Complaint, ¶ 16.

Swappoint is a Swiss corporation headquartered in Zurich, Switzerland. Complaint, ¶¶ 17.

Karmapoint is a Swiss corporation and subsidiary of Swappoint headquartered in Zurich, Switzerland. Complaint, ¶ 18; Declaration of Umut Ertan ("Ertan Decl."), ¶ 1.

## III. BACKGROUND

Swappoint filed an initial application for registration of the KARMAPOINT Mark in Switzerland on December 9, 2019, and the mark registered in Switzerland on June 5, 2020. Complaint, ¶ 47.

Swappoint then obtained International Registration No. 1553877 in the World Intellectual Property Organization (WIPO) for the KARMAPOINT Mark, with extensions of protection for the KARMAPOINT Mark in several countries, including the United States. The KARMAPOINT Registration issued under Section 66(a) of the Trademark Act with a valid Priority Date of December 9, 2019.   Complaint, ¶ 50, Exh. C.

On March 5, 2020, Plaintiff submitted U.S. Application Serial No. 88/822242 in the USPTO for the word mark "KARMA POINTS" based on "intent to use" under Section 1(b) of the Trademark Act.  Complaint, ¶ 40, Exh. B.

On March 22, 2022, Plaintiff submitted the Statement of Use and supporting specimens of use, together with a signed Declaration indicating that it was using "KARMA POINTS" as a trademark and service mark in connection with *all* goods and services recited in U.S. Application Serial No. 88/822242 in U.S. commerce. Plaintiff's Statement of Use was refused on May 25, 2022 by the USPTO under Sections 1 and 45 of the Trademark Act for failure to show use of the applied-for mark in U.S. commerce. In the same office action, Plaintiff's U.S. Application Serial No. 88/822242 also was refused by the USPTO "in part because of an alleged likelihood of confusion with Swappoint's KARMAPOINT registration." Complaint, ¶ 51.

On October 4, 2022, Plaintiff filed the instant action.  On the same day, Plaintiff filed a petition with the USPTO to cancel the KARMAPOINT Registration.

## IV. DISCUSSION

### A. Jurisdiction Under Rule 4(k).

Under Rule 4(k)(2), a federal court may exercise jurisdiction over a foreign defendant if: (1) the claim arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) exercising jurisdiction comports with due process. *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1159 (9th Cir. 2006).

The exercise of personal jurisdiction over a defendant comports with due process if a defendant has "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v.*

*Washington,* 326 U.S. 310, 316 (1945); *see also Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800-901 (9th Cir. 2004). A defendant has the requisite minimum contacts with the forum if: (1) the defendant "purposefully direct[s]" its activities at the forum, (2) the lawsuit "arises out of or relates to the defendant's forum-related activities," and (3) the exercise of jurisdiction is "reasonable." *Mavrix Photo, Inc. v. Brand Inc.,* 647 F.3d 1218, 1228-1229 (9th Cir. 2011); *Axiom Foods, Inc. v. Acerchem Int'l, Inc.,* 874 F.3d 1064, 1068-1069 (9th Cir. 2017).

To determine whether a defendant "purposefully directed" its activities at the forum, Courts apply the "*Calder* Effects Test" and ask whether the defendant: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger,* 374 F.3d at 803 (quoting *Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir. 2002)); *see also Calder v. Jones,* 465 U.S. 783 (1984). The Ninth Circuit has further clarified that mere foreseeability of effects in the forum state does not give rise to specific jurisdiction; there must be an "express aiming" at the forum state. *Bancroft & Inc. v. Nat. Inc.,* 223 F.3d 1082, 1087 (9th Cir. 2000).

### B. Plaintiff's Jurisdictional Allegations.

Plaintiff alleges:

> This Court has personal jurisdiction over the Defendants pursuant to Federal Rule of Procedure 4(k) because Defendants are foreign corporations and neither Defendant is incorporated in any state nor maintains a principal place of business in any state, and therefore neither is subject to the jurisdiction of any state's courts of general jurisdiction. The exercise of personal jurisdiction by this Court over Defendants is consistent with due process and the laws of this country because Defendants have availed themselves of the protections of U.S. trademark registration, and the exercise of jurisdiction in this matter is directed toward Defendants' trademark registered with the USPTO.

Complaint, ¶ 28.

Plaintiff can meet the first two prongs of the Rule 4(2)(k) analysis: its claims arise under federal law and Defendants are not subject to jurisdiction in any state's courts of general jurisdiction. *Caddy,* 453 F.3d at 1159. However, as shown below, this Court's exercise of

personal jurisdiction over Defendants would *not* comport with due process and would *not* be reasonable based on the facts as alleged by Plaintiff under the *Calder* test and the cases applying it.

### C. Defendants Have No Minimum Contacts With This Jurisdiction.

1. No Activities "Purposefully Directed" At This Forum.

Plaintiff alleges: "Defendants have caused software to enter interstate commerce in this judicial district." Complaint, ¶ 28. This single sentence—*which is the only allegation in Plaintiff's complaint that mentions a purported presence in California*—is misleading. The KARMAPOINT incentive award program is intended as a virtual and decentralized system for both consumers and businesses. Consequently, KARMAPOINT goods and services do not specifically target California consumers. Ertan Decl., ¶ 8.

Plaintiff further alleges: "Defendants use KARMAPOINT only in connection with the Karmapoint SW App which provides *a place*, specifically a software platform, for users to create and maintain profiles and exchange recognition for good deeds and other acts…the Karmapoint SW App is available for free in the app stores for the major smartphone operating systems, and as such, the mark is indiscriminately directed toward individual users and consumers." Complaint, ¶¶ 75, 76 (emphasis in original). Plaintiff's admission that Defendants' use of the KARMAPOINT Mark is "indiscriminately directed" toward end users establishes that Defendants are not purposefully directing their activities at this forum, and therefore that this lawsuit does not arise out of Defendants' forum-related activities. *Mavrix Photo,* 647 F.3d at 1228-1229.

2. No Actual or Foreseeable Harm.

The *Calder* tests requires not only that the defendant committed an intentional act that is expressly aimed at the forum state, but that the act causes harm that the defendant knows is likely to be suffered in the forum state. *Schwarzenegger, 374 F.3d at 803.* However Plaintiff does not allege that any act or omission of Defendants resulted in, or could result in, harm in California. In fact, the only reference to "harm" in Plaintiff's complaint is related to its false allegations regarding the KARMAPOINT Registration in the USPTO. Complaint, ¶ 87.

Again, Plaintiff's conclusion is belied by its own pleading. The KARMAPOINT Registration that issued under Section 66(a) of the Trademark Act has a Priority Date of record of

1  December 9, 2019.  Complaint, ¶ 50, Exh. C.  Plaintiff did not submit its Statement of Use with
2  supporting specimens of use for U.S. Application Serial No. 88/822242 until March 22, 2022.
3  Complaint, ¶ 44.  Notably, Plaintiff's Statement of Use *still* has not been accepted by the USPTO
4  to show "good use" of KARMA POINTS *as a trademark* in order to receive a federal registration,
5  as the refusal under Sections 1 and 45 of the Trademark Act has been "maintained and continued"
6  by the USPTO.  Plaintiff cannot now claim that the KARMAPOINT Registration with a valid
7  2019 Priority Date was a deliberate, "expressly aimed" act likely to cause harm to Plaintiff or
8  anyone else, either in this state or any other forum, simply because Plaintiff's U.S. Application
9  Serial No. 88/822242 stands refused by the USPTO.  *Schwarzenegger,* 374 F.3d at 803; *Bancroft*
10 *& Inc. v. Nat. Inc.,* 223 F.3d at 1087.

11           3.   <u>The Exercise of Jurisdiction In this Forum Would Not Be Reasonable</u>.

12       Defendants do not have any minimum contacts with this judicial district sufficient to
13  warrant the imposition of personal jurisdiction here. Defendants do not conduct marketing
14  campaigns or other activities directed specifically to residents of California.  Ertan Decl., ¶ 2.
15  Defendants do not own or lease any real estate property in California and have never done so.  Id.,
16  ¶ 3.  Defendants do not maintain, and have never maintained, an office, employees, agents, or
17  representatives located in California and have never done so. Id., ¶ 4.  Defendants do not have an
18  agent for service of process in California.  Id., ¶ 5.  Defendants do not have a bank account in
19  California.  Id., ¶ 6.  Defendants do not have a mailing address, post office box, or telephone
20  number in California.  Id., ¶ 7.  In short, Defendants have no particular connection to California at
21  all.

22        Plaintiff admits that Defendants' use of the KARMAPOINT Mark is "indiscriminately
23  directed toward individual users and consumers." Complaint, ¶ 76.  By definition, then,
24  Defendants did not purposefully direct their activities at this forum and Plaintiff's lawsuit does not
25  arise out of or relate to any forum-related activities. *Mavrix Photo,* 647 F.3d at 1228-1229; *Axiom*
26  *Foods,* 874 F.3d at 1068-1069. Plaintiff fails to allege an intentional act committed by Defendants,
27  expressly aimed at the forum state, that caused harm that Defendant knew is likely to be suffered
28  in the forum state.  Based on its own pleadings, and in light of the lack of minimum contacts

between Defendants and California, the exercise of jurisdiction over Defendants by this Court would not be reasonable. *Schwarzenegger,* 374 F.3d at 803; *Mavrix Photo,* 647 F.3d at 1228-1229.

### 4. Defendants' Website Does Not Subject Them to Jurisdiction.

Plaintiff contends: "Defendants have never used KARMAPOINT in association with any good or service other than the Karmapoint SW App and on the karmapoint.com website." Complaint, ¶ 57. In other words, the sole activity on which Plaintiff asserts jurisdiction under Rule 4(k)(2) is Defendants' operation of a website. In the context of the Internet, the due process analysis under Rule 4(k)(2) is nearly identical to the *Calder* "purposefully directed" jurisdiction analysis but, rather than considering contacts between the defendants and the forum state, the Court considers contacts with the nation as a whole. *Holland Am. Line Inc. v. Wartsila N. Am., Inc.,* 485 F.3d 450, 462 (9th Cir. 2007).

Expanding the jurisdictional analysis does not help Plaintiff in this case. In examining whether tortious conduct on a globally accessible website is expressly aimed at any, or all, of the forums in which the website can be viewed, Courts look to the actions of the operators in operating the site. *Mavrix Photo,* 647 F.3d at 1229. A defendant causes harm in a particular forum when the "bad acts" that form the basis of the plaintiff's complaint occur in that forum. *Id., at 1231*. However, mere passive operation of a website is insufficient to demonstrate express aiming: "Not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every [forum] in which it is accessed." *AMA Multimedia, LLC v. Wanat,* 970 F.3d 1201, 1209-1211 (9th Cir. 2020) (requiring "something more" than simply making the website accessible in the forum). Rather, the operator must have both actively appealed to and profited from an audience in that forum. *Id.* at 1210.

Defendants' use of the KARMAPOINT Mark is "indiscriminately directed toward individual users and consumers." Complaint, ¶ 76. Defendants do not conduct marketing campaigns or other activities directed specifically to residents of California. Ertan Decl., ¶ 2. The "something more" is missing here. Plaintiffs do not and cannot allege that Defendants "actively appealed to or profited from an audience" in this judicial district. *AMA Multimedia,* 970 F. 3d at

1210. The opposite is true: according to Plaintiff, Google's Play store reports only 50+ downloads of Defendants' free software application and Apple's App Store "is yet to receive a single user review" of the application. Complaint, ¶ 52. These observations pertain to all of the United States, not just this forum. Id.

Absent any allegations of "bad acts" that are "purposefully directed" or "expressly aimed" at any target audience in California, there is no reasonable basis to haul Defendants into Court in this forum. *Mavrix Photo,* 647 F.3d at 1231; *AMA Multimedia,* 970 F. 3d at 1210; *Bancroft & Inc. v. Nat. Inc.,* 223 F.3d at 1087.

## V. CONCLUSION

For all of the foregoing reasons, Defendants respectfully submit that Plaintiff's complaint against them should be dismissed with prejudice.

Dated: January 31, 2023

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: ___/s/ Jonathan C. Balfus___
Jonathan C. Balfus, Esq.
Attorneys for Defendants SWAPPOINT AG and KARMAPOINT AG

# CERTIFICATE OF SERVICE
# FEDERAL COURT PROOF OF SERVICE

**United States District Court, Northern District of California**

**Case No.  3:22-cv-05720-LB**

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 555 South Flower Street, Suite 2900, Los Angeles, California, 90071.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On **January 31, 2023**, I served the following document(s):

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

The documents were served by the following means:

**[X]     (BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on **January 31, 2023**, at Los Angeles, California.

*/s/Susan Marriott*               .
Susan Marriott

*Expensify, Inc. v. SwapPoint AG and KarmaPoint AG,*
*Northern District of California Case No. 3:22-cv-05720-LB*

## CERTIFICATE OF SERVICE

## SERVICE LIST

| | |
|---|---|
| ROBINS KAPLAN LLP<br>Kevin M. Pasquinelli (SBN 246985)<br>KPasquinelli@RobinsKaplan.com<br>555 Twin Dolphin Drive, Suite 310<br>Redwood City, CA 94065<br>Telephone: (650) 784-4025<br>Facsimile: (650) 784-4041 | Attorneys For Plaintiff |

DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION