UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| EXPENSIFY, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>SWAPPOINT AG, et al., <br><br>　　　　Defendants. | Case No. 22-cv-05720-LB <br><br>**ORDER DENYING MOTION TO STAY** <br><br>Re: ECF No. 40 |

### INTRODUCTION

This is a trademark dispute between plaintiff Expensify, a U.S. provider of expense-reporting services, and defendants Swappoint and Karmapoint, jointly owned Swiss providers of a mobile application and associated website. Expensify uses the "Karma Points" mark in connection with its corporate credit card to allow customers to direct the money value of their credit-card reward points to charitable causes. It alleges that it has common-law rights to the mark. The defendants have the U.S.-registered mark "Karmapoint" that they use in connection with their app, which allows users to accumulate points for good deeds. Expensify alleges that the defendants registered their mark in the U.S. (and around the world) to cover "an ocean of goods of services" that the defendants never intended to provide, the parties' uses of their marks are not confusingly similar, and Expensify's mark does not infringe the U.S. trademark registration owned by the defendants. Expensify seeks a declaratory judgment of non-infringement, cancellation of the defendants' U.S.

trademark (due to lack of a bona fide intent to use), and liability for a false or fraudulent trademark registration.[1]

The defendants moved to stay the case due to the parties' pending cancellation proceeding in the Trademark Trial and Appeals Board (TTAB) of the United States Patent and Trademark Office (USPTO). That proceeding, which Expensify filed on the same day it filed this case, is focused on whether the defendants' trademark should be cancelled for lack of a bona fide intent to use. The defendants contend that once resolved, the TTAB proceeding will have preclusive effect on this case and it would therefore be efficient to stay this case in the meantime. The defendants thus ask for a stay under either the doctrine of primary jurisdiction or the court's inherent discretionary power. In the event the motion is denied, the defendants request that their response to the complaint be due within fourteen days.[2] Expensify counters mainly that a stay would not be efficient because the issue of trademark infringement, at least, will inevitably have to proceed in this case.[3]

Given all the circumstances, the court declines to exercise its discretion to stay the case. The court also sets a deadline for the defendants' response to the recently filed amended complaint.

## STATEMENT

### 1. Factual Background and Procedural History

Expensify is a U.S. corporation that creates a mobile and web-based application for expense management. The software "simplif[ies] expense reports for individuals, employees, and accountants." "Expensify has more than 12 million users and 53,000 customers across more than 169 countries." In 2020, Expensify introduced a corporate credit card that includes the "Karma Points" reward system. Expensify uses the "Karma Points" moniker in connection with its credit

---

[1] Am. Compl. – ECF No. 42. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 40.

[3] Opp'n – ECF No. 43.

card, including in marketing materials, and the "moniker featured prominently in press coverage of the card's rollout."[4]

Swappoint and Karmapoint are closely held Swiss corporations that allegedly are jointly owned by Umut Ertan. Karmapoint has a website (karmapoint.com) and a mobile application called the Karmapoint SW App. The app is available on the Google Play store (with "only '50+' downloads" reported) and the Apple App store (with no user reviews yet received). The app provides a "platform[] for users to create and maintain profiles and exchange recognition for good deeds and other acts."[5]

For two years before the complaint was filed on October 4, 2022, the parties had "extensive negotiations" about their trademark rights. The defendants have allegedly "unreasonably persist[ed] in an intransigent campaign to attenuate Expensify's commerce globally." They have done so "by first filing overly broad and inflated trademark applications around the world, with no intent of use," and then "opposing Expensify's bona fide trademark applications despite having no reasonable arguments that the two marks, as used, are confusingly similar."[6]

Swappoint applied for registration of its Karmapoint mark in Switzerland in December 2019, and the mark was registered on June 5, 2020. Swappoint then proceeded internationally through the Madrid Protocol.[7] It filed an application in the United States on the same day that its Swiss mark was registered: June 5, 2020.[8] The U.S. mark was registered on September 7, 2021.[9] The registration claims priority to December 9, 2019 (presumably, the date of the Swiss application).[10] It "identifie[s] nine international classes associated with approximately [seventy-nine] distinct

---

[4] Am. Compl. – ECF No. 42 at 5 (¶¶ 15–16), 7 (¶¶ 31, 33) 8 (¶¶ 36–37), 10 (¶ 39).

[5] *Id.* at 5 (¶¶ 17–21), 14 (¶ 52), 20–21 (¶ 75).

[6] *Id.* at 2 (¶ 2), 3 (¶ 6).

[7] *Id.* at 12 (¶ 47).

[8] Swappoint Trademark Registration, Ex. C. to Am. Compl. – ECF No. 42 at 42.

[9] Am. Compl. – ECF No. 42 at 14 (¶ 50); Swappoint Trademark Registration, Ex. C. to Am. Compl. – ECF No. 42 at 40.

[10] Swappoint Trademark Registration, Ex. C. to Am. Compl. – ECF No. 42 at 42.

goods and services."[11] Those goods and services range "from real estate to telecommunications to the provision of food and beverages and even legal services."[12]

Expensify allegedly owns common-law trademark rights in the "Karma Points" mark.[13] Expensify applied for a U.S. trademark registration in March 2020, which initially was allowed on June 2, 2020, and "Expensify continued its worldwide marketing campaign" using the mark.[14] On March 22, 2022, Expensify filed specimens of use with the USPTO to secure registration for its March 2020 trademark application.[15] On May 25, 2022, that office refused Expensify's U.S. trademark application, "in part because of an alleged likelihood of confusion with Swappoint's [Karmapoint] registration."[16]

The complaint also has allegations about why Expensify does not infringe the defendants' mark and why the defendants' U.S. trademark application was false or fraudulent.[17]

The court previously denied the defendants' motion to dismiss for lack of personal jurisdiction, mainly because of their U.S. trademark registration.[18] Expensify then filed an amended complaint with four claims: (1) declaratory judgment of trademark non-infringement, 28 U.S.C. § 2201 & 15 U.S.C. § 1125; (2) cancellation of trademark registration for lack of a bona fide intent to use, 15 U.S.C. § 1119; (3) false or fraudulent registration of a trademark, 15 U.S.C. § 1120; and (4) declaratory judgment of non-infringement of a common-law trademark.[19]

---

[11] Am. Compl. – ECF No. 42 at 13–14 (¶ 49).

[12] *Id.* at 3–4 (¶ 7).

[13] *Id.* at 3 (¶ 5).

[14] *Id.* at 10–11 (¶¶ 40–41); Expensify Trademark Appl., Ex. B to *id.* – ECF No. 42 at 32–38.

[15] Am. Compl. – ECF No. 42 at 12 (¶ 44).

[16] *Id.* at 14 (¶ 51).

[17] *Id.* at 14–22 (¶¶ 52–68, 73–80).

[18] Order – ECF No. 37.

[19] Am. Compl. – ECF No. 42 at 23–26 (¶¶ 81–100).

The court has federal-question jurisdiction. 28 U.S.C. §§ 1331, 1338. All parties consented to magistrate-judge jurisdiction.[20] *Id.* § 636(c). The court can decide the motion without oral argument. N.D. Cal. Civ. L.R. 7-1(b).

## 2. TTAB Proceeding

In TTAB Cancellation No. 92080725, which Expensify filed on the same day as this lawsuit (October 4, 2022), Expensify seeks cancellation of the defendants' U.S. trademark registration on the ground of lack of a bona fide intent to use.[21] "The parties have been actively engaged in discovery" since January 2023. Due to a current discovery dispute, the proceedings are temporarily suspended. Otherwise, discovery was to close on November 10, 2023. The defendants declare that "[d]espite the temporary suspension, trial is set to commence in the next few months."[22] Expensify responds (in its brief) that "[a]lthough the parties have conducted some written discovery, no depositions have been taken, no expert discovery has been conducted, . . . [no] dispositive motions have been filed," and no trial date has been set.[23]

## LEGAL STANDARDS

### 1. Doctrine of Primary Jurisdiction

"The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008). Primary jurisdiction is not "designed to secure expert advice from agencies every time a court is presented with an issue conceivably within the agency's ambit." *Id.* (cleaned up). "Instead, it is to be used only if a claim requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency, and if protection of the

---

[20] Consents – ECF Nos. 9, 14.

[21] Balfus Decl. – ECF No. 40-1 at 2 (¶¶ 3–4); Gallagher Decl. – ECF No. 40-2 at 2–3 (¶ 5); Pet. for Cancellation, Ex. 1 to Opp'n – ECF No. 43-1.

[22] Gallagher Decl. – ECF No. 40-2 at 3–4 (¶¶ 6–12).

[23] Opp'n – ECF No. 43 at 7, 9–10; TTAB Filings, Exs. 2–9 to *id.* – ECF Nos. 43-2 to 43-9 (motions to compel discovery and suspend the TTAB proceeding).

integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme." *Id.* (cleaned up).

Courts in this circuit traditionally apply the primary-jurisdiction doctrine "in cases where there is: (1) a need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Id.* at 1115 (cleaned up); *Syntek Semiconductor Co. v. Microchip Tech., Inc.*, 307 F.3d 775, 781 (9th Cir. 2002); *United States v. Gen. Dynamics Corp.*, 828 F.2d 1356, 1365 (9th Cir. 1987). The Ninth Circuit also has explained that the doctrine "is designed to protect agencies possessing 'quasi-legislative power' and that are 'actively involved in the administration of regulatory statutes.'" *Clark*, 523 F.3d at 1115 (quoting *Gen. Dynamics*, 828 F.2d at 1365).

Whether to stay a case under the primary-jurisdiction doctrine "is a matter for the court's discretion." *Syntek Semiconductor*, 307 F.3d at 781. Under what has been described as the majority view, TTAB proceedings do not justify a stay on primary-jurisdiction grounds. *Rhoades v. Avon Prod., Inc.*, 504 F.3d 1151, 1162–65 (9th Cir. 2007) (agreeing with the First and Second Circuits that "the primary jurisdiction rationale does not justify deferral" of "a trademark declaratory relief action pending the completion of related TTAB proceedings"). For one thing, "[t]he federal courts have concurrent jurisdiction with the [TTAB] over issues of the registrability of trademarks." 6 McCarthy on Trademarks and Unfair Competition § 32:48 (5th ed. 2023) (citing 15 U.S.C. § 1119). Also, in TTAB cancellation proceedings, the TTAB can "decide [only] issues confined to entitlement to a federal registration," whereas "in a typical trademark infringement suit filed in federal court, the issues will include not only the validity of a federal registration, but . . . what constitutes an infringement of a federal registration, infringement of unregistered federal and state rights," and the scope of relief. *Id.*

### 2. Discretionary Stay

In *Landis*, the Supreme Court held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time

and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To determine whether a stay is appropriate, the court "must weigh competing interests and maintain an even balance." *Id.* at 254–55. The competing interests include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55); *accord Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). "[I]f there is even a fair possibility" that the stay will harm the non-moving party, the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

## ANALYSIS

The court denies the motion. Analyzed under either the primary-jurisdiction doctrine or *Landis*, the present case raises issues not raised by the TTAB cancellation proceeding, meaning that a stay would be inefficient. *Rhoades*, 504 F.3d at 1165 (under the primary-jurisdiction doctrine, "[t]he deciding factor should be efficiency"); *CMAX*, 300 F.2d at 268 ("the orderly course of justice measured in terms of the simplifying or complicating of issues" is a key consideration). For example, even if the TTAB cancels the defendants' trademark registration and that decision has preclusive effect here, Expensify still seeks a declaratory judgment of non-infringement of common-law trademark rights in this case. Discovery will likely overlap between the two matters, meaning that proceeding in this case will not result in unnecessary duplication. Overall, this case is just getting started and should not be stayed where the same progress that could occur now would still need to occur after a stay. *Cf.* 16 Wright & Miller, Fed. Prac. & Proc. Juris. § 3930 (3d ed. 2023) (interlocutory appeals should be permitted when it would be "a good gamble").

Moreover, "Congress has not installed the [TTAB] as the exclusive expert in the field," and "overlapping litigation" in this area is not uncommon. *Rhoades*, 504 F.3d at 1164. "[F]ederal courts are particularly well-suited to handle the claims so that parties may quickly obtain a determination of their rights without accruing potential damages." *Id.* The court thus denies a stay.

# CONCLUSION

The court denies the motion to stay. The defendants' answer is due by December 4, 2023. This disposes of ECF No. 40.

**IT IS SO ORDERED.**

Dated: November 18, 2023

LAUREL BEELER
United States Magistrate Judge